FIRST INSURANCE FUNDING CORP., Plaintiff, v LEE KASS, Also Known as LEIGH KASS, et al., Defendants. LEE KASS, Also Known as LEIGH KASS, et al., Counterclaim Plaintiffs and Third-Party Plaintiffs-Appellants, v FIRST INSURANCE FUNDING CORP., Counterclaim Defendant, and PHILLIP WASSERMAN et al., Third-Party Defendants-Respondents. [920 NYS2d 311]—

In this action, plaintiff seeks to recover damages for breach of contract under a Master Promissory Note purportedly executed by defendant Lee Kass, also known as Leigh Kass, as Trustee of the Joseph Kass Irrevocable Insurance Trust, and a Personal Guaranty purportedly executed by defendants Lee Kass and Joseph Kass, individually (the Kass defendants). The complaint alleges, among other things, that pursuant to the note, the trust agreed to pay AI Credit Consumer Discount Company, plaintiff's predecessor-in-interest, the first year's premium on a life insurance policy that the trust had purchased from John Hancock Life Insurance Company for investment purposes, and which AI Credit agreed to finance. The complaint further alleges that the trust defaulted under the note because it failed to pay the premium.

Defendants commenced a third-party action alleging, among other things, that third-party defendants, acting as agents of AI Credit and John Hancock, fraudulently induced them to partici-

pate in the investment transaction. Defendants/third-party plaintiffs further allege that the third-party defendants are bound by the forum selection clause contained in the note and personal guaranty. The guaranty, a copy of which was provided to the motion court, provides: "The validity and construction of this guaranty shall be governed by the laws of the State of New York. The undersigned [the Kass defendants] consent(s) to the nonexclusive jurisdiction and venue of the state or federal courts located in the City of New York."

The motion court properly determined that third-party defendants are not bound by the forum selection clause in the guaranty and, thus, properly dismissed the third-party action for lack of personal jurisdiction. Third-party defendants are not signatories on the guaranty, nor are they so closely related to the dispute that they should have foreseen that they would be bound by the forum selection clause (*cf. Freeford Ltd. v Pendleton*, 53 AD3d 32, 40-41 [2008], *lv denied* 12 NY3d 702 [2009]). In addition, third-party defendants are not beneficiaries of the guaranty. Indeed, a plain reading of the forum selection clause shows that it applies solely to the Kass defendants, and "there is no clear intention to confer the benefit of the [guaranty]" on third-party defendants (*id.* at 39). We reject defendants/third-party plaintiffs' argument that third-party defendants are bound by the forum selection clause because the third-party tort claims are dependent on, and involve the same operative facts as, the breach of contract claim in this action (*cf. Weingrad v Telepathy, Inc.*, 2005 WL 2990645, *5-6, 2005 US Dist LEXIS 26952, *16-17 [SD NY 2005]). The forum selection clause expressly limits its application to matters involving "the validity and construction of th[e] guaranty." Defendants/third-party plaintiffs' tort claims pertain to the validity of the investment transactions as a whole, not just the validity and construction of the guaranty.

In view of the foregoing, we need not reach the alternative arguments for dismissal. Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.